

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 07-CR-299

LESLIE AGUIRRE,

    Defendant.

## PLEA AGREEMENT

1.    The United States of America, by its attorneys, Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, and Tracy M. Johnson, Assistant United States Attorney, and the defendant, Leslie Aguirre, individually and by attorney Calvin R. Malone, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.    The defendant has been charged in a one-count indictment, which alleges violations of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

3.    The defendant has read and fully understands the charge contained in the indictment. She fully understands the nature and elements of the crime with which she has been charged, and the charge and the terms and conditions of the plea agreement have been fully explained to her by her attorney.

4.  The defendant voluntarily agrees to plead guilty to the following count set forth

in full as follows:

## COUNT ONE

### THE GRAND JURY CHARGES THAT:

1.  On or about September 11, 2007, in the Eastern District of Wisconsin,

### LESLIE AGUIRRE,

in connection with the acquisition of firearms from Badger Outdoors, 2339 South 43rd Street, Milwaukee, Wisconsin, a federally licensed firearms dealer, knowingly did make a false and fictitious written statement intended and likely to deceive Badger Outdoors, as to a fact material to the lawfulness of the sale and disposition of such firearms under the provisions of Chapter 44 of Title 18, United States Code.

2.  In particular, in connection with the purchase of the firearms listed in paragraph three (3) below, Leslie Aguirre falsely stated on the Firearms Transaction Record (ATF Form 4473) that she was the actual buyer of the firearms when, in fact, as Aguirre well knew, she was purchasing the firearms for someone else.

3.  The firearms are described as a Taurus, model PT22, .22 caliber pistol, bearing serial number AVD12323, and a Cobra, model CA380, .380 caliber pistol, bearing serial number CP034715.

All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

5.  The defendant acknowledges, understands, and agrees that she is, in fact, guilty

of the offense described in paragraph 4. The parties acknowledge and understand that if this

case were to proceed to trial, the government would be able to prove the following facts

beyond a reasonable doubt. The defendant admits that these facts are true and correct and

establish her guilt beyond a reasonable doubt:

On September 11, 2007, Leslie Aguirre purchased a Taurus, model

PT22, .22 caliber pistol, bearing serial number AVD12323, and a Cobra,

2

model CA380, .380 caliber pistol, bearing serial number CP034715, from Badger Outdoors, a federally licensed firearms dealer located at 2339 South 43rd Street, Milwaukee. According to the Firearms Transaction Report, ATF Form 4473, dated September 11, 2007, Aguirre stated in question 11a that she was the actual buyer of the firearms.

On September 14, 2007, Aguirre reported the guns stolen to Milwaukee Police Department. At first Aguirre told officers that she purchased the guns using her SS1 income and accidently left the guns on the bus. Aguirre then stated that she was not being truthful and that she had been approached by a person called "Dro" to buy two guns for him on September 11th. Dro told Aguirre that he would give her $60 to buy the guns for him. Dro and a second male drove Aguirre to Badger Guns on September 11th. Dro gave Aguirre $465 and told her to buy a .22 and .380. Aguirre went into the store alone and purchased a .22 and a .380 using the money Dro gave her. Aguirre admitted that she lied on the forms when she stated that she was buying the guns for herself. On September 13th, Dro and the second male took Aguirre back to Badger Guns to pick up the guns. Dro told Aguirre to put the guns in a laundry basket in the back seat of the car and gave her the remaining $30 he owed her.

3

Aguirre's false answer to question 11a on Form 4473 was intended and
likely to deceive Badger Outdoors as to the lawfulness of the sale of the above
firearms.

This information is provided for the purpose of setting forth a factual basis for the plea
of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, this
offense.

## PENALTIES

6. The parties understand and agree that the offense to which the defendant will
enter a plea of guilty carries a ten year maximum term of imprisonment and a $250,000 fine.
This count also carries a mandatory special assessment of $100.00 and three years of
supervised release.

7. The defendant acknowledges, understands, and agrees that she has discussed
the relevant statutes as well as the applicable sentencing guidelines with her attorney,
including any possibility that the defendant may qualify as an Armed Career Criminal under
18 U.S.C. § 924(e).

## ELEMENTS

8. The parties understand and agree that in order to sustain the charge of false
statement to a licensed firearms dealer, the government must prove each of the following
propositions beyond a reasonable doubt:

First, that the defendant knowingly made a false statement to a licensed firearms
dealer;

4

Second, that the false statement was made in acquisition or attempted acquisition of a firearm; and

Third, that the false statement was likely to deceive the firearms dealer as to the lawfulness of the sale of the firearm.

## SENTENCING PROVISIONS

9.      The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

10.      The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

11.      The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 4. The defendant acknowledges and agrees that her attorney in turn has discussed the applicable sentencing guidelines provisions with her to the defendant's satisfaction.

12.      The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's

5

criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

13.     The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

14.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

6

## Base Offense Level

15. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in Count One is 12 under Sentencing Guidelines Manual § 2K2.1(a)(7).

## Acceptance of Responsibility

16. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility.

## Sentencing Recommendations

17. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

18. Both parties reserve the right to make any recommendation regarding any and all factors pertinent to the determination of the sentencing guideline range; the fine to be imposed; the length of supervised release and the terms and conditions of the release; the defendant's custodial status pending the sentencing; and any other matters not specifically addressed by this agreement.

19. The parties understand that the government agrees to recommend a sentence at the low-end of the applicable sentencing guideline range, as determined by the court.

7

## Court's Determinations at Sentencing

20. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

21. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

22. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction. The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

23. The defendant agrees that, during the period of any supervision (probation or supervised release) imposed by the court in this case, the defendant will provide the Financial Litigation Unit (FLU) of the United States Attorney's Office with completed financial forms

8

which will be provided by FLU, and will provide any documentation required by those forms. The defendant will provide FLU with such completed financial forms with required documentation within the first two months of supervision, at six month intervals thereafter during supervision, and within the last six months of scheduled supervision.

## Special Assessment

24. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## DEFENDANT'S COOPERATION

25. The defendant, by entering into this agreement, further agrees to fully and completely cooperate with the government in its investigation of this and related matters, and to testify truthfully and completely before the grand jury and at any subsequent trials or proceedings, if asked to do so. The government agrees to advise the sentencing judge of the nature and extent of the defendant's cooperation. The parties acknowledge, understand and agree that if the defendant provides substantial assistance to the government in the investigation or prosecution of others, the government, in its discretion, may recommend a downward departure from: (a) the applicable sentencing guideline range; (b) any applicable statutory mandatory minimum; or (c) both. The defendant acknowledges and understands that the court will make its own determination regarding the appropriateness and extent to which such cooperation should affect the sentence.

9

## DEFENDANT'S WAIVER OF RIGHTS

26. In entering this agreement, the defendant acknowledges and understands that

in so doing she surrenders any claims she may have raised in any pretrial motion, as well as

certain rights which include the following:

> a.  If the defendant persisted in a plea of not guilty to the charge against
>     her, she would be entitled to a speedy and public trial by a court or jury.
>     The defendant has a right to a jury trial. However, in order that the trial
>     be conducted by the judge sitting without a jury, the defendant, the
>     government and the judge all must agree that the trial be conducted by
>     the judge without a jury.
>
> b.  If the trial is a jury trial, the jury would be composed of twelve citizens
>     selected at random. The defendant and her attorney would have a say
>     in who the jurors would be by removing prospective jurors for cause
>     where actual bias or other disqualification is shown, or without cause
>     by exercising peremptory challenges. The jury would have to agree
>     unanimously before it could return a verdict of guilty. The court would
>     instruct the jury that the defendant is presumed innocent until such
>     time, if ever, as the government establishes guilt by competent evidence
>     to the satisfaction of the jury beyond a reasonable doubt.
>
> c.  If the trial is held by the judge without a jury, the judge would find the
>     facts and determine, after hearing all of the evidence, whether or not
>     she was persuaded of defendant's guilt beyond a reasonable doubt.
>
> d.  At such trial, whether by a judge or a jury, the government would be
>     required to present witnesses and other evidence against the defendant.
>     The defendant would be able to confront witnesses upon whose
>     testimony the government is relying to obtain a conviction and she
>     would have the right to cross-examine those witnesses. In turn the
>     defendant could, but is not obligated to, present witnesses and other
>     evidence on his own behalf. The defendant would be entitled to
>     compulsory process to call witnesses.

10

> c.    At such trial, defendant would have a privilege against self-incrimina-
>       tion so that she could decline to testify and no inference of guilt could
>       be drawn from her refusal to testify. If defendant desired to do so, she
>       could testify on her own behalf.

27.    The defendant acknowledges and understands that by pleading guilty she is waiving all the rights set forth above. The defendant further acknowledges the fact that her attorney has explained these rights to her and the consequences of her waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

28.    The defendant acknowledges and understands that she will be adjudicated guilty of the offense to which she will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

29.    The defendant knowingly and voluntarily waives all claims she may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

11

**Further Civil or Administrative Action**

30.     The defendant acknowledges, understands, and agrees that the defendant has discussed with her attorney and understands that nothing contained in this agreement, is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

31.     The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

32.     The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

33.     The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

34.     The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the

12

offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

35. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any and all dismissed charges and to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and her attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that she continues to be subject to the terms of the proffer letter.

13

## VOLUNTARINESS OF DEFENDANT'S PLEA

36.     The defendant acknowledges, understands, and agrees that she will plead guilty freely and voluntarily because she is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

14

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: **2-22-08**

LESLIE AGUIRRE
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: **2-22-2008**

CALVIN R. MALONE
Attorney for Defendant

For the United States of America:

Date: **2/27/08**

STEVEN M. BISKUPIC
United States Attorney

Date: **2/22/08**

TRACY M. JOHNSON
Assistant United States Attorney

15